PATRICK J. REILLY, ESQ., Nevada Bar No. 6103
preilly@bhfs.com
MAXIMILIEN D. FETAZ, ESQ., Nevada Bar No. 12737
mfetaz@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for BMW Financial Services NA, LLC and
BMW of North America, LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| JAN SHEINFELD, an Individual, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331** |
| v. | |
| BMW FINANCIAL SERVICES NA, LLC, a foreign limited liability company; BMW OF NORTH AMERICA, LLC, a foreign limited liability company; JRJ INVESTMENTS, INC. d/b/a BMW OF LAS VEGAS, a Nevada corporation; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive, | **(Formerly Case No. A-18-782227-C, filed in the Eighth Judicial District Court, Clark County, Nevada)** |
| Defendants. | |

PLEASE TAKE NOTICE that Defendants BMW Financial Services NA, LLC and BMW of North America, LLC (collectively the "Removing Defendants") hereby remove this action from the Eighth Judicial District Court in Clark County, Nevada, Case No. A-18-782227-C, to the United States District Court for the District of Nevada. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

### I.  INTRODUCTION.

Plaintiff Jan Sheinfeld ("Plaintiff") brought an action against Removing Defendants relating to an automobile lease agreement dispute and brought claims for breach of contract, breach of the implied covenant of good faith and fair dealing, rescission of purchase and refund of purchase price, Moss-Magnuson Warranty Act (15 U.S.C. § 2301, *et seq*.), breach of express and

17699224

1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1   implied warranties, and breach of obligation of good faith.  Plaintiff's primary complaint is

2   Removing Defendants are not honoring their warranty obligations to Plaintiff.  Plaintiff is seeking

3   to have his automobile lease agreement rescinded and refunded.

4   Federal question jurisdiction exists when a claim arises pursuant to federal law.

5   Removing Defendants remove this action on the basis of federal question jurisdiction because

6   Plaintiff's complaint contains allegations that Removing Defendants violated federal statute

7   Moss-Magnuson Warranty Act (15 U.S.C. § 2301, *et seq*.).

8   **II.     THE COURT HAS FEDERAL QUESTION JURISDICTION.**

9   **A.     The Removal is Timely Filed in the Proper Venue.**

10   Plaintiff filed this action in the Eighth Judicial District Court in Clark County, Nevada on

11   October 4, 2018.  *See* Ex. A, Complaint.  Defendant BMW Financial Services NA was served

12   with the summons and complaint in this matter on or about October 17, 2018.  *See* Ex. B, Service

13   of Process Transmittal.  Removal of this matter is timely.  The United States District Court for the

14   District of Nevada is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a)

15   because it is the federal district court that embraces the place where the original action was filed

16   and is pending.

17   **B.     Statement of Statutory Basis for Jurisdiction.**

18   This action is within the original jurisdiction of the United States District Court pursuant

19   to 28 U.S.C. § 1331.  The statute provides that "[t]he district court shall have original jurisdiction

20   of all civil actions arising under the Constitution, laws, or treaties of the United States."  28

21   U.S.C. § 1331.  Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other

22   claims in this action.

23   **C.     Removing Defendants Meet All Other Requirements for Removal.**

24   Removing Defendants have attached to this notice copies of all process, pleadings, and

25   orders filed with the state court prior to the filing of this Notice of Removal.[1]  Removing

26

27   _____

[1] On October 29, 2018, Defendant JRJ Investments, Inc. d/b/a BMW of Las Vegas filed an
Answer, Initial Appearance Fee, and Disclosure Statement Pursuant to NRCP 7.1.  *See* Ex. C,

28   Answer, Initial Appearance Fee, and Disclosure Statement Pursuant to NRCP 7.1.

1   Defendants will concurrently file a copy of this Notice in the Eighth Judicial District Court in

2   Clark County, Nevada.  Removing Defendants also concurrently served a copy of this Notice on

3   Plaintiff.

4        DATED this 30th day of October, 2018.

5        BROWNSTEIN HYATT FARBER SCHRECK, LLP

6   BY: /s/Patrick J. Reilly

7   PATRICK J. REILLY, ESQ., NV Bar No. 6103
    preilly@bhfs.com

8   MAXIMILIEN D. FETAZ, ESQ., NV Bar No. 12737
    mfetaz@bhfs.com

9   100 North City Parkway, Suite 1600
    Las Vegas, NV 89106-4614

10  Telephone:  702.382.2101
    Facsimile:  702.382.8135

11  *Attorneys for Defendants BMW Financial Services NA,*
    *LLC and BMW of North America, LLC*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**CERTIFICATE OF SERVICE**

1

2    Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing

3    Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK,

4    LLP, and that the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331** was served

5    via electronic service on the 30th day of October, 2018, to the addresses shown below:

6    Kristofer D. Leavitt, Esq.
7    Leavitt Legal Group, P.C.
     612 S. 10th Street
8    Las Vegas, NV 89101
     kleavitt@leavittlegalgroup.com
9    (702) 423-7208

10   *Attorneys for Jan Sheinfeld*

11
     Martin A. Little, Esq.
12   Alexander Villamar, Esq.
     Howard & Howard Attorneys PLLC
13   3800 Howard Hughes Parkway
     Suite 100
14   Las Vegas, NV 89169
     mal@h2law.com
15   av@h2law.com
     (702) 257-1483
16

17   *Attorneys for JRJ Investments, Inc.*
     *d/b/a BMW of Las Vegas*
18

19                              /s/Susan Roman_____

20                              An employee of Brownstein Hyatt Farber Schreck, LLP

21

22

23

24

25

26

27

28

17699224                              4

*BROWNSTEIN HYATT FARBER SCHRECK, LLP*
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

# Exhibit "A"

Electronically Issued
10/5/2018 7:32 AM

1     SEI
     Kristofer D. Leavitt, ESQ
2     LEAVITT LEGAL GROUP, P.C.
     Nevada Bar No 13173
3     612 S. 10th Street
     Las Vegas, Nevada 89101
4     (702) 423-7208
     kleavitt@leavittlegalgroup.com
5
     *Attorney for Plaintiff Jan Sheinfeld*
6

7                       **DISTRICT COURT**

8                  **CLARK COUNTY, NEVADA**

| | |
|---|---|
| 9   JAN SHEINFELD, an individual | Case No.: A-18-782227-C |
| 10          Plaintiff, | Dept. No.: XXIV |
| 11   vs. | **SUMMONS** |
| 12   BMW FINANCIAL SERVICES NA, LLC, a | |
| 13   foreign limited liability corporation; BMW OF NORTH AMERICA, LLC, a foreign limited | |
| 14   liability corporation; JRJ INVESTMENTS, INC.d/b/a BMW OF LAS VEGAS, a Nevada | |
| 15   limited liability corporation; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 | |
| 16   through 20, inclusive; | |
| 17 | |
| 18         Defendants. | |

19                      **SUMMONS – CIVIL**

20   **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDED AGAINST YOU
21   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
     READ THE INFORMATION BELOW.**

22
     **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for
23
     the relief set forth in the Complaint.
24
25        1.      If you intend to defend this lawsuit, within 20 days after this Summons is served

     on you, exclusive of the day of service, you must do the following:
26
27            a.     File with the Clerk of this Court, whose address is shown below, a formal

28                 written response to the Complaint in accordance with the rules of the

1    Court, with the appropriate filing fee.

2         b.    Serve a copy of your response upon the attorney whose name and address

3              is shown below.

4    2.    Unless you respond, your default will be entered upon application of the

5    Plaintiff(s) and failure to respond will result in a judgment of default against you for the relief

6    demanded in the Complaint, which could result in the taking of money or property or other relief

7    requested in the Complaint.

8    3.    If you intend to seek the advice of an attorney in this matter, you should do so

9    promptly so that your response may be filed on time.

10   4.    The State of Nevada, its political subdivisions, agencies, officers, employees,

11   board members, commission members and legislators each have 45 days after service of this

12   Summons within which to file and Answer or other responsive pleading to the Complaint.

13

14   Submitted by                         STEVEN D. GRIERSON
                                          CLERK OF THE COURT        10/5/2018
15
     *Kristofer D. Leavitt*               By: _____
16   LEAVITT LEGAL GROUP, P.C.            Deputy Clerk          Ondina Amos
                                                                       Date
17                                        Regional Justice Center
                                          200 Lewis Avenue
18                                        Las Vegas, Nevada 89155

19

20

21

22

23

24

25

26

27

28

Page 2 of 2

Electronically Filed
10/4/2018 12:08 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
Kristofer D. Leavitt, ESQ
2  LEAVITT LEGAL GROUP, P.C.
Nevada Bar No 13173
3  612 S. 10th Street
Las Vegas, Nevada 89101
4  (702) 423-7208
kleavitt@leavittlegalgroup.com

5
*Attorney for Plaintiff Jan Sheinfeld*
6

7                    **DISTRICT COURT**

8              **CLARK COUNTY, NEVADA**

| | |
|---|---|
| 9   JAN SHEINFELD, an individual | Case No.:   A-18-782227-C |
| 10             Plaintiff, | Dept. No.:   Department 24 |
| 11   vs. | **COMPLAINT** |
| 12   BMW FINANCIAL SERVICES NA, LLC, a foreign limited liability corporation; BMW OF NORTH AMERICA, LLC, a foreign limited liability corporation; JRJ INVESTMENTS, INC.d/b/a BMW OF LAS VEGAS, a Nevada limited liability corporation; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive; | **Arbitration Exemption Requested:** **Amount in Controversy Exceeds $50,000.00 Action Seeking Equitable Relief** |
| 17             Defendants. | |

19        COMES NOW Plaintiff JAN SHEINFELD (hereinafter as "Plaintiff"), by and through

20  his counsel of record, Kristofer D. Leavitt, Esq. of LEAVITT LEGAL GROUP, P.C., and hereby

21  alleges as follows:

22

23                **PARTIES, JURISDICTION, AND VENUE**

24        1.    Plaintiff is, and was at all times relevant to the claims herein, a resident of Clark

25  County in the State of Nevada.

26        2.    Defendant BMW FINANCIAL SERVICES NA, LLC ("BMW FS"), is a foreign

27  limited liability corporation that, at all times relevant to the claims herein, has been authorized to

28

1  conduct business, and has conducted business, in the State of Nevada.

2      3.      Defendant BMW OF NORTH AMERICA, LLC ("BMW NA"), is a foreign

3  limited liability corporation that, at all times relevant to the claims herein, has been authorized to

4  conduct business, and has conducted business, in the State of Nevada.

5      4.      Defendant JRJ INVESTMENTS, INC.d/b/a BMW OF LAS VEGAS ("BMW

6
7  LV"), is a Nevada limited liability corporation that, at all times relevant to the claims herein, has

8  been authorized to conduct business, and has conducted business, in the State of Nevada.

9      5.      Defendants sued herein under the fictitious names of DOES 1 through 20; and

10 ROE CORPORATIONS 1 through 20, inclusive, are presently unknown to Plaintiff, however,

11
   are believed to be in some respect liable for the acts and omissions, whether intentional,
12
13 negligent, or otherwise, alleged herein.

14     6.      The actions and/or omissions sued upon herein were performed or occurred in

15 Clark County in the State of Nevada and Plaintiff has suffered damages in excess of $15,000.00,

16 thus providing the District Court with subject matter jurisdiction and making the District Court

17 the proper venue for Plaintiff to seek relief.

18                          **GENERAL ALLEGATIONS**

19     7.      On or about April 4, 2017, Plaintiff entered into a *Motor Vehicle Lease*

20 *Agreement (Closed End)* (the "Lease") with BMW LV, with BMW FS serving as the
21
22 administrator of the Lease.

23     8.      As part of the Lease, Plaintiff traded in his 2015 Audi A6 2.0T and lease a 2017

24 BMW 5-Series with 103 miles on the odometer (the "Vehicle").

25     9.      As part of the Lease, Plaintiff also agreed to pay a monthly payment of $1,238.37

26 each month for 42 months.

27     10.     When Plaintiff entered into the Lease, he relied on the fact that the Vehicle would
28

conform to his reasonable expectations of how a vehicle should perform, would be fit for a particular purpose, and would be of the same quality and character of other similar vehicles.

11.     Unfortunately, the Vehicle has fallen well below Plaintiff's reasonable expectations.

12.     On or about July 17, 2017, Plaintiff took the Vehicle to BMW of Henderson complaining that, among other things, the car would shake when braking and that the steering column was often noisy and squeaky.

13.     While the Vehicle was at BMW of Henderson for fourteen (14) days, from July 17, 2017 to July 31, 2017, BMW of Henderson confirmed the Vehilce would shake while braking.

14.     To fix the problem, BMW of Henderson burnished the brakes and rotors, but when that was unsuccessful BMW of Henderson removed the wheels and calipers to resurface the rotors.

15.     BMW of Henderson claimed this resolved Plaintiff's issue with shaking while braking.

16.     While the Vehicle was at BMW of Henderson, it was also confirmed the Vehicle had faulty components in the steering column.

17.     After a visual inspection, BMW of Henderson concluded it was an internal issue within the steering column motors and that the steering column needed to be entirely replaced.

18.     On or about December 29, 2017, Plaintiff again brought the Vehicle to BMW of Henderson, complaining that the Vehicle still shook when braking.

19.     After inspection, BMW of Henderson balanced all of the wheels on the Vehicle, lubed the hubs, and torqued the wheels.

20.     Plaintiff also requested a multi-point inspection of the Vehicle, which showed the

front brakes measured at 12 mm thickness, while the rear brakes measured at 10 mm thickness.

21.    Additionally, following the inspection, BMW Henderson indicated all other components of the Vehicle were functioning properly.

22.    On or about August 2, 2018, Plaintiff took the Vehicle to BMW LV, complaining of the same problems that he persisted since he began the Lease.

23.    Again, the tires on the Vehicle were balanced and a multi-point inspection performed.

24.    On or about September 4, 2018, Plaintiff took the Vehicle back to BMW LV, again complaining that the Vehicle shook when stopping at freeway speeds.

25.    BMW LV found that the front rotors on the Vehicle have excessive thickness variation.

26.    BMW LV replaced the front brake pads and thinned the rotors to decrease the thickness variation.

27.    On September 11, 2018, Plaintiff again returned the Vehicle to BMW LV, again, complaining the Vehicle shook when stopping at highway speeds.

28.    BMW LV found that the "FRONT ROTORS [had] EXCESSIVE DTV."

29.    As a result, BMW LV removed and replaced the front Vehicle rotors and brake pads.

30.    Despite this, the Vehicle continued to have problems that make it unsafe to operate, have shaken Plaintiff's confidence in the vehicle, and/or substantially decreased the value of the Vehicle.

## FIRST CAUSE OF ACTION
### Breach of Contract – BMW LV & BMW FS

31.    Plaintiff hereby incorporates all of the above allegations contained in above Paragraphs as if fully set forth herein.

32.     There was a valid contract between Plaintiff and BMW LV and/or BMW FS, to temporarily acquire a fully functional and safely-operable vehicle.

33.     BMW LV and/or BMW FS breached the material terms of this contract by not providing Plaintiff with a fully functional and safely-operable vehicle.

34.     BMW LV and/or BMW FS's breach of the material terms of this contract were not excused of justified in any manner, nor were there any unfulfilled conditions precedent that would be excused FCA's performance under the contract.

35.     As a result of BMW LV and/or BMW FS's actions, Plaintiff has suffered damages in excess of $15,000.00.

36.     As a result of BMW LV and/or BMW FS's actions, Plaintiff has also found it necessary to retain LEAVITT LEGAL GROUP, P.C. to prosecute this action, and Plaintiff is entitled to reasonable attorneys' fees and costs.

37.     As a result of BMW LV and/or BMW FS's actions, Plaintiff is entitled to punitive damages against BMW LV and/or BMW FS.

## SECOND CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing - BMW LV & BMW FS**

38.     Plaintiff hereby incorporates all of the above allegations contained in above Paragraphs as if fully set forth herein.

39.     There was a valid contract between Plaintiff and BMW LV and/or BMW FS, to temporarily acquire a fully functional and safely-operable vehicle.

40.     The contract between Plaintiff and BMW LV and/or BMW FS has, as does every other contract formed in the State of Nevada, and implied covenant to perform the contract in good faith and in a manner consistent with the spirit of the agreement.

41.     Plaintiff reasonable and justifiably expected to receive certain benefits as part of his contract with BMW LV and/or BMW FS, however, BMW LV and/or BMW FS's

performance under the contract has been in a manner that violates the terms of the agreement and is inconsistent with the spirit of the agreement.

42.   BMW LV and/or BMW FS's actions in not performing in a manner consistent with the spirit of the agreement was deliberate.

43.   As a result of BMW LV and/or BMW FS's actions, Plaintiff has suffered damages in excess of $15,000.00.

44.   As a result of BMW LV and/or BMW FS's actions, Plaintiff has also found it necessary to retain LEAVITT LEGAL GROUP, P.C. to prosecute this action, and Plaintiff is entitled to reasonable attorneys' fees and costs.

45.   As a result of BMW LV and/or BMW FS's actions, Plaintiff is entitled to punitive damages against BMW LV and/or BMW FS.

## THIRD CAUSE OF ACTION
### Rescission of Purchase and Refund of Purchase Price – NRS 597.630 – BMW LV & BMW NA

46.   Plaintiff hereby incorporates all of the above allegations contained in above Paragraphs as if fully set forth herein.

47.   Plaintiff acquired the Vehicle from BMW LV and/or BMW FS for his personal, family, or household use.

48.   Plaintiff notified BMW LV and/or BMW FS in writing, either though its agents or authorized dealers or directly to BMW LV and/or BMW FS, of persistent problems with the Vehicle that made it unsafe to drive.

49.   Plaintiff afforded BMW LV and/or BMW FS with a reasonable number of attempts to correct the defect(s) in the Vehicle, however, the issues with the Vehicle were not remedied.

50.   Plaintiff attempted to submit this matter to FCA for informal dispute resolution,

as required by NRS 597.620, but those efforts were fruitless.

51.     As a result of BMW LV and/or BMW FS's actions, Plaintiff has suffered damages in excess of $15,000.00.

52.     As a result of BMW LV and/or BMW FS's actions, Plaintiff has also found it necessary to retain LEAVITT LEGAL GROUP, P.C. to prosecute this action, and Plaintiff is entitled to reasonable attorneys' fees and costs.

53.     As a result of BMW LV and/or BMW FS's actions, Plaintiff is entitled to punitive damages against BMW LV and/or BMW FS.

**FOURTH CAUSE OF ACTION**
**Moss-Magnuson Warranty Act– 15 U.S.C. § 2301, *et seq.* – BMW LV & BMW NA**

54.     Plaintiff hereby incorporates all of the above allegations contained in above Paragraphs as if fully set forth herein.

55.     Plaintiff is a consumer as defined by 15 U.S.C. § 2301(3).

56.     The Vehicle is a consumer product as defined by 15 U.S.C. § 2301(4)-(5).

57.     BMW LV and/or BMW NA are warrantors as defined by 15 U.S.C. § 2301(6)-(7)

58.     The Moss-Magnuson Act requires BMW LV and/or BMW NA to remedy any of the Vehicle's defects, malfunctions, or nonconformity within a reasonable time.

59.     BMW LV and/or BMW NA have failed to remedy the Vehicle's defects, malfunctions, or nonconformity within a reasonable time.

60.     Plaintiff notified BMW LV and/or BMW NA in writing, either though its agents or authorized dealers or directly to BMW LV and/or BMW NA, of persistent problems with the Vehicle that made it unsafe to drive.

61.     Plaintiff afforded BMW LV and/or BMW NA with a reasonable number of attempts to correct the defect(s) in the Vehicle, however, the issues with the Vehicle were not remedied.

62.     The Vehicle has failed its essential purpose because, among other things, it is unsafe to operate.

63.     As such, BMW LV and/or BMW NA has violated the Moss-Magnuson Warranty Act.

64.     As a result of BMW LV and/or BMW NA's actions, Plaintiff has suffered damages in excess of $15,000.00.

65.     As a result of BMW LV and/or BMW NA's actions, Plaintiff has also found it necessary to retain LEAVITT LEGAL GROUP, P.C. to prosecute this action, and Plaintiff is entitled to reasonable attorneys' fees and costs as stated in 15 U.S.C. § 2301(d)(2)

66.     As a result of BMW LV and/or BMW FS's actions, Plaintiff is entitled to punitive damages against BMW LV and/or BMW FS.

## FIFTH CAUSE OF ACTION
### Breach of Express and Implied Warranties – NRS 104 – Defendants

67.     Plaintiff hereby incorporates all of the above allegations contained in above Paragraphs as if fully set forth herein.

68.     Throughout his interactions with Defendants, and its agents or authorized dealers, Defendants made certain warranties, either expressly or impliedly, about various traits the Vehicle possessed, including, but not limited to, the quality of Vehicle, the Vehicle's fitness for a particular purpose, and/or the Vehicle's merchantability.

69.     Defendants knew, or had reason to know, Plaintiff would rely on Defendants' warranties and Defendants' skill and judgment, and such warranties became a basis of the bargain between Defendants and Plaintiff.

70.     Plaintiff also believed, and Defendants are in fact, a merchant of the type of goods Plaintiff bought from Defendants.

71.     Defendants have not provided Plaintiff with a vehicle that conforms with the

1   warranties and representations it made to Plaintiff.

2       · 72.    As a result of Defendant's actions, Plaintiff has suffered damages in excess of

3   $15,000.00.

4       73.    As a result of Defendant's actions, Plaintiff has also found it necessary to retain

5
6   LEAVITT LEGAL GROUP, P.C. to prosecute this action, and Plaintiff is entitled to reasonable

7   attorneys' fees and costs.   ·

8       74.    As a result of Defendants' actions, Plaintiff is entitled to punitive damages against

9   Defendants.

10                                      **SIXTH CAUSE OF ACTION**
11                  Breach of Obligation of Food Faith – NRS 104.1304, *et seq.* – Defendants

12      75.    Plaintiff hereby incorporates all of the above allegations contained in above

13   Paragraphs as if fully set forth herein.

14      76.    Pursuant to NRS 104.1304, "[e]very contract or duty within the Uniform

15   Commercial Code imposes an obligation of good faith in its performance and enforcement."

16      77.    Accordingly, Defendants have a duty to provide Plaintiff with a Vehicle free of

17
18   defects and/or repair any defects.

19      78.    Defendants breached this obligation because the Vehicle has, and continues to,

20   suffer from defects as described herein.

21      79.    As a result of Defendant's actions, Plaintiff has suffered damages in excess of

22   $15,000.00.

23      80.    As a result of Defendant's actions, Plaintiff has also found it necessary to retain

24
25   LEAVITT LEGAL GROUP, P.C. to prosecute this action, and Plaintiff is entitled to reasonable

26   attorneys' fees and costs.

27      81.    As a result of Defendants' actions, Plaintiff is entitled to punitive damages against

28   Defendants.

1     WHEREFORE, Plaintiff prays for relief as follows:

2     1.    For damages in excess of $15,000.00 together with any interest due thereon at the

3  applicable rate of interest;

4     2.    For punitive damages in an amount to be determined at trial;

5     3.    For costs of suit incurred herein;

6     4.    For reasonable attorneys' fees;

7     5.    For other such relief as the Court may deem just and proper.

8     DATED this 4th day of October, 2018.

9                 LEAVITT LEGAL GROUP, P.C.

11

12     By:     _Kristofer D. Leavitt_
                   Kristofer D. Leavitt, Esq. (13173)

13                   612 S. 10th Street
                   Las Vegas, Nevada 89101

# Exhibit "B"

 CT Corporation

**Service of Process Transmittal**
10/17/2018
CT Log Number 534246479

| | |
|---|---|
| **TO:** | Jason Bichsel<br>BMW of North America, LLC<br>300 Chestnut Ridge Rd<br>Woodcliff Lake, NJ 07677-7731 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | BMW Financial Services NA, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jan Sheinfeld, etc., Pltf. vs. BMW Financial Services Na, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A18782227C |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2017 BMW 5-Series |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/17/2018 at 12:12 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kristofer D. Leavitt<br>Leavitt Legal Group, P.C.<br>612 S. 10th Street<br>Las Vegas, NV 89101<br>702-423-7208 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780100113523<br><br>Image SOP<br><br>Email Notification,  Mark Smith  mark.smith@bmwfs.com<br><br>Email Notification,  Sabrina Morrell  sabrina.morrell@bmwfs.com<br><br>Email Notification,  Jason Bichsel  jason.bichsel@bmwfs.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>701 S Carson St.<br>Suite 200<br>Carson City, NV 89701-5239<br>314-863-5545 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Exhibit "C"

Electronically Filed
10/29/2018 12:04 PM
Steven D. Grierson
CLERK OF THE COURT

1   **ANS**
2   Martin A. Little, Esq., NV Bar No. 7067
    Alexander Villamar, Esq., NV Bar No. 9927
3   **Howard & Howard Attorneys PLLC**
    3800 Howard Hughes Pkwy., Ste. 1000
4   Las Vegas, NV 89169
    Telephone:  (702) 257-1483
5   Facsimile:  (702) 567-1568
6   E-Mail:   mal@h2law.com; av@h2law.com
    *Attorneys for Defendant,*
7   *JRJ Investments, Inc. dba BMW of Las Vegas*

8                          **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10  JAN SHEINFELD, an individual        **CASE NO.: A-18-782227-C**
11                                      **DEPT. NO.: XXIV**
                   Plaintiff,
12
    vs.
13                                      **DEFENDANT JRJ INVESTMENTS,**
                                        **INC. dba BMW OF LAS VEGAS'S**
14  BMW FINANCIAL SERVICES NA, LLC, a   **ANSWER TO COMPLAINT**
    foreign limited liability corporation; BMW OF
15  NORTH AMERICA, LLC, a foreign limited
    liability corporation; JRJ INVESTMENTS,
16  INC. d/b/a BMW OF LAS VEGAS, a Nevada
    limited liability corporation; DOES 1 through
17  20, inclusive; and ROE CORPORATIONS 1
    through 20, inclusive;
18
                   Defendants.
19

20          Defendant JRJ Investments, Inc. dba BMW of Las Vegas ("Defendant"), by and through

21  its attorneys, Howard & Howard Attorneys PLLC, as and for its Answer to the Complaint (the

22  "Complaint") on file herein, admits, denies and alleges as follows:

23                   **PARTIES, JURISDICTION, AND VENUE**

24          1.      Answering Paragraph 1 of the Complaint, Defendant is without knowledge or

25  information sufficient to form a belief as to the truthfulness of the allegations contained therein,

26  and therefore denies the same.

27          2.      Answering Paragraph 2 of the Complaint, Defendant is without knowledge or

28

                                       1 of 18

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

3.      Answering Paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

4.      Answering Paragraph 4 of the Complaint, Defendant admits it is a Nevada corporation, duly licensed and conducting business in Nevada, and denies the remaining allegations contained therein.

5.      Answering Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

6.      Answering Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

**GENERAL ALLEGATIONS**

7.      Answering Paragraph 7 of the Complaint, Defendant admits it entered into a Motor Vehicle Lease Agreement with Plaintiff on April 4, 2017, which document speaks for itself.

8.      Answering Paragraph 8 of the Complaint, Defendant admits that the Motor Vehicle Lease Agreement (the "Lease"), which document speaks for itself, included a trade-in vehicle consisting of a 2015 Audi A6 2.0T.

9.      Answering Paragraph 9 of the Complaint, Defendant admits that the Lease, which document speaks for itself, required Plaintiff to make monthly payments of $1,238.37 per month for 42 months.

10.     Answering Paragraph 10 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that the Lease speaks for itself, and is without knowledge or

information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

11. Answering Paragraph 11 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Plaintiff took the subject vehicle to BMW of Henderson on or about July 17, 2017. The documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

13. Answering Paragraph 13 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

14. Answering Paragraph 14 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

15. Answering Paragraph 15 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

16.    Answering Paragraph 16 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

17.    Answering Paragraph 17 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

18.    Answering Paragraph 18 of the Complaint, Defendant admits that Plaintiff took the subject vehicle to BMW of Henderson on or about December 29, 2017.  The documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

19.    Answering Paragraph 19 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

20.    Answering Paragraph 20 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

21.     Answering Paragraph 21 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Henderson on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

22.     Answering Paragraph 22 of the Complaint, Defendant admits that Plaintiff took the subject vehicle to BMW of Las Vegas on or about August 2, 2018.  The documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

23.     Answering Paragraph 23 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

24.     Answering Paragraph 24 of the Complaint, Defendant admits that Plaintiff took the subject vehicle to BMW of Las Vegas on or about September 4, 2018.  The documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

25.     Answering Paragraph 25 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

26.     Answering Paragraph 26 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

27.     Answering Paragraph 27 of the Complaint, Defendant admits that Plaintiff took the subject vehicle to BMW of Las Vegas on or about September 11, 2018.  The documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

28.     Answering Paragraph 28 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

29.     Answering Paragraph 29 of the Complaint, Defendant responds that the documents describing Plaintiff's complaints and the services provided by BMW of Las Vegas on that occasion, if any, speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

30.     Answering Paragraph 30 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

/ / /

/ / /

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

## FIRST CAUSE OF ACTION

### Breach of Contract – BMW LV & BMW FS

31.     Answering Paragraph 31 of the Complaint, Defendant repeats and re-alleges its answers as though fully contained therein.

32.     Answering Paragraph 32 of the Complaint, Defendant admits it entered into a Motor Vehicle Lease Agreement with Plaintiff on April 4, 2017, which document speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

33.     Answering Paragraph 33 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

34.     Answering Paragraph 34 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

35.     Answering Paragraph 35 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

36.     Answering Paragraph 36 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

37.     Answering Paragraph 37 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

## SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing – BMW LV & BMW FS

38.     Answering Paragraph 38 of the Complaint, Defendant repeats and re-alleges its answers as though fully contained therein.

39.     Answering Paragraph 39 of the Complaint, Defendant admits it entered into a Motor Vehicle Lease Agreement with Plaintiff on April 4, 2017, which document speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

40.     Answering Paragraph 40 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that the Motor Vehicle Lease Agreement speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

41.     Answering Paragraph 41 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

42.     Answering Paragraph 42 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

43.     Answering Paragraph 43 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

44.     Answering Paragraph 44 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

45.     Answering Paragraph 45 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

### THIRD CAUSE OF ACTION

**Rescission of Purchase and Refund of Purchase Price – NRS 597.630 –**

**BMW LV & BMW NA**

46.     Answering Paragraph 46 of the Complaint, Defendant repeats and re-alleges its answers as though fully contained therein.

47.     Answering Paragraph 47 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

48.     Answering Paragraph 48 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

49.     Answering Paragraph 49 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

50.     Answering Paragraph 50 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

51.     Answering Paragraph 51 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

52.     Answering Paragraph 52 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

53.     Answering Paragraph 53 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

### FOURTH CAUSE OF ACTION

### Moss-Magnuson Warranty Act 15 U.S.C. § 2301, *et seq.* – BMW LV & BMW NA

54.     Answering Paragraph 54 of the Complaint, Defendant repeats and re-alleges its answers as though fully contained therein.

55.     Answering Paragraph 55 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that 15 U.S.C. § 2301(3) speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

56.     Answering Paragraph 56 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that 15 U.S.C. § 2301(4)-(5) speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

57.     Answering Paragraph 57 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that 15 U.S.C. § 2301(6)-(7) speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

58.     Answering Paragraph 58 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that the Moss-Magnuson Act speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

59.     Answering Paragraph 59 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

60.     Answering Paragraph 60 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

61.     Answering Paragraph 61 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

62.     Answering Paragraph 62 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

63.     Answering Paragraph 63 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

64.     Answering Paragraph 64 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

65.     Answering Paragraph 65 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy,, Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

66.     Answering Paragraph 66 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

## FIFTH CAUSE OF ACTION

### Breach of Express and Implied Warranties – NRS 104 - Defendants

67.     Answering Paragraph 67 of the Complaint, Defendant repeats and re-alleges its answers as though fully contained therein.

68.     Answering Paragraph 68 of the Complaint, Defendant responds that the documents governing the Lease and its terms referenced in this paragraph speak for themselves. Defendant denies making any warranties not expressly provided for in the lease documents, and is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

69.     Answering Paragraph 69 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

70.     Answering Paragraph 70 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that NRS 104 speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained therein, and therefore denies the same.

71.     Answering Paragraph 71 of the Complaint, Defendant denies the allegations contained therein.

72.     Answering Paragraph 72 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

73.     Answering Paragraph 73 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

74.     Answering Paragraph 74 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

/ / /

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

## SIXTH CAUSE OF ACTION

### Breach of Obligation of Good Faith – NRS 104.1304, *et seq.* – Defendants

75.     Answering Paragraph 75 of the Complaint, Defendant repeats and re-alleges its answers as though fully contained therein.

76.     Answering Paragraph 76 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that NRS 104.1304 speaks for itself.

77.     Answering Paragraph 77 of the Complaint, Defendant responds that the allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore denies the same.

78.     Answering Paragraph 78 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

79.     Answering Paragraph 79 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

80.     Answering Paragraph 80 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

81.     Answering Paragraph 81 of the Complaint, as they pertain to Defendant, the allegations contained therein are denied.

82.     Defendant denies any allegation not specifically admitted herein.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from Defendant due to the doctrines of laches, waiver, and estoppel.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from Defendant due to the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, which Plaintiff has suffered were caused in whole or in part by the acts or omissions of Plaintiff, his agents and representatives.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's own fraudulent acts, fraud, fraudulent inducements, omissions and misrepresentations whether intentional, negligent, or constructive.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Plaintiff breached his duties to Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic duress.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant at all times relevant hereto acted truthfully, honestly and in good faith in its dealings with Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate his damages, thus completely or partially barring his claims.

### TENTH AFFIRMATIVE DEFENSE

By virtue of his conduct, Plaintiff should be estopped from making any claim against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts alleged in the Complaint were caused by the acts, omissions, negligence and/or intentional misconduct of third parties over whom Defendant had no control.

/ / /

13 of 18

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no recoverable damages.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has been required to retain the services of an attorney to enforce the rights herein asserted, and is entitled to the fees and costs heretofore paid or incurred for such damages, and are further entitled to attorney's fees and costs to defend this action.

FOURTEENTH AFFIRMATIVE DEFENSE

The complained of acts or omissions were legal, justified, and reasonable under the circumstances.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to his breach of obligations.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to lack, failure and/or breach of conditions precedent and/or subsequent.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant has not retained any benefit which in equity or good conscience belong to Plaintiff.

EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged damages complained of by Plaintiff were caused by a new, independent and effective intervening cause.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds, and the parole evidence rule.

TWENTIETH AFFIRMATIVE DEFENSE

Defendant did not supply false information to Plaintiff or any third party.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant exercised reasonable care and competence in obtaining and communicating information to Plaintiff.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Under the factual circumstances set forth in the Complaint, there was a misuse of the product by Plaintiff and misuse of the vehicle is an absolute defense to any recovery.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant did not fail to disclose any material fact in connection with the sale of goods or services.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant at no time acted with malice, oppression or conscious disregard in its dealings with Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

At the time of the lease of the subject vehicle, Defendant had no reason to know of any particular purpose for which Plaintiff required the vehicle or that Plaintiff was relying on Defendant's skill or judgment in selecting or furnishing a suitable vehicle.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The basis of the Complaint and the damages, if any, allegedly incurred arise out of an alleged breach of contract, and Plaintiff is not entitled to recover exemplary or punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any action taken by the Defendant was proper, legal, and was not motivated by hatred and/or ill will, or with the deliberate intent to injure Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any alleged representations or warranties made by Defendant, through its agents, were not in writing and are not enforceable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint, which Defendant denies, does not rise to the level of being considered extreme, severe, beyond all bounds of decency, atrocious or intolerable.

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

### THIRTIETH AFFIRMATIVE DEFENSE

If the subject vehicle was in any way defective, which Defendant expressly denies, the said defect occurred at some time subsequent to leaving Defendant's control, and as a result of the manner in which it was used, maintained or repaired over which Defendant had no control.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any alleged statements made by Defendant's agents, which Defendant denies, were merely an opinion or commendation of goods and does not create any express or implied warranty.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

At the time of the sale, the subject vehicle was fit for the ordinary purposes for which it was to be used.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer, and, therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendant demands judgment as follows:

1.      That Plaintiff's Complaint be dismissed with prejudice, and that he take nothing thereby;

2.      That Defendant be awarded its reasonable attorney's fees and costs of suit herein; and

/ / /

/ / /

/ / /

3.     For such other and further relief as the Court deems just and proper.

DATED this ___29___ day of October, 2018.

HOWARD & HOWARD ATTORNEYS, PLLC

By: _____
     Martin A. Little, Esq.
     Alexander Villamar, Esq.
     3800 Howard Hughes Pkwy., Ste. 1000
     Las Vegas, NV 89169
     Telephone:  (702) 257-1483
     Facsimile:  (702) 567-1568
     *Attorneys for Defendant,*
     *JRJ Investments, Inc. dba BMW of Las Vegas*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Howard & Howard Attorneys PLLC, 3800 Howard Hughes Parkway, Suite 1000, Las Vegas, Nevada, 89169.

On the 24th day of October, 2018, I served the foregoing **DEFENDANT JRJ INVESTMENTS, INC. dba BMW OF LAS VEGAS'S ANSWER TO COMPLAINT** in this action or proceeding electronically with the Clerk of the Court via the Odyssey E-File and Serve System, which will cause this document to be served upon the following counsel of record:

> Kristofer D. Leavitt, Esq.
> Leavitt Legal Group, P.C.
> 612 S. 10th Street
> Las Vegas, NV 89101
> *Attorneys for Plaintiff*

I certify under penalty of perjury that the foregoing is true and correct, and that I executed this Certificate of Service on October 24th , 2018 at Las Vegas, Nevada.

An Employee of HOWARD & HOWARD ATTORNEYS PLLC

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

18 of 18