Patrick J. Reilly, Esq.
Nevada Bar No. 6103
Maximilien D. Fetaz, Esq.
Nevada Bar No. 12737
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
preilly@bhfs.com
mfetaz@bhfs.com

*Attorneys for BMW Financial Services NA, LLC and BMW of North America, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAN SHEINFELD, an Individual,<br><br>        Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC, a foreign limited liability company; BMW OF NORTH AMERICA, LLC, a foreign limited liability company; JRJ INVESTMENTS, INC. d/b/a BMW OF LAS VEGAS, a Nevada corporation; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>        Defendants. | Case No.: 2:18-CV-02083-JAD-GWF<br><br>**MOTION TO STAY ACTION AND COMPEL ARBITRATION** |

Defendants BMW Financial Services NA, LLC ("BMW FS") and BMW of North America, LLC ("BMW NA") hereby move to stay this action and compel arbitration of the claims asserted by Plaintiff Jan Sheinfeld ("Plaintiff") in the above-entitled action.

///

///

///

///

///

17740699                                                                 1

This Motion is made pursuant to 9 U.S.C. §§ 2-4 and LR 7-2 and is based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file in this action, and any oral argument this Court may allow.

DATED this 6th day of November, 2018.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Patrick J. Reilly
Patrick J. Reilly, Esq.
Maximilien D. Fetaz, Esq.
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614

*Attorneys for BMW Financial Services NA, LLC and BMW of North America, LLC*

17740699

2

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ACTION AND COMPEL ARBITRATION

## I.

## INTRODUCTION

This is a warranty action concerning a 2017 BMW 5-Series, Vehicle Identification Number WBAJE5C36HG478366 (the "Vehicle"). Plaintiff has asserted common law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of express and implied warranty. In addition, Plaintiff has asserted state statutory claims under NRS Chapter 104 and NRS 597.630. Finally, Plaintiff has asserted a federal claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. *See* Complaint (ECF No. 1, Exhibit A).

As part of the purchase of the Vehicle, Plaintiff gave his express and broad consent to arbitrate any and all disputes with the Defendants, including any dispute "which arises out of or relates to my credit application, the lease, purchase or condition of the Vehicle...." Accordingly, BMW NA and BMW FS are entitled to compel arbitration, and ask that the Court stay this action pending resolution of that arbitration proceeding.

## II.

## STATEMENT OF FACTS

BMW NA engages in the import and distribution of BMW vehicles. It is headquartered in Woodcliffe Lake, New Jersey, and is a subsidiary of Bayerische Motoren Werke Aktiengesellschaft. BMW FS is headquartered in Hilliard, Ohio, and provides financing options for BMW's new, demonstration, or pre-owned cars, motorcycles, and sports activity vehicles in the United States and Canada.[1]

On April 4, 2017, Plaintiff entered into a "Motor Vehicle Lease Agreement (Closed End)" (the "Lease Agreement") with BMW FS. *See* Declaration of Brandon Adkins attached hereto as **Exhibit "A"** and Lease Agreement attached hereto as **Exhibit "B"**. The Lease Agreement

---

[1] *See* COMPANY OVERVIEW OF BMW OF NORTH AMERICA, LLC and COMPANY OVERVIEW OF BMW FINANCIAL SERVICES NA, LLC, found at https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=4224611 and https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=4730976.

17740699                                        3

contains a broadly worded arbitration agreement that is expressly governed by the Federal Arbitration Act (the "FAA"). The Lease Agreement provides, in pertinent part, as follows:

> **PLEASE REVIEW – IMPORTANT – AFFECTS OUR LEGAL RIGHTS**
>
> **NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in court or by a jury trial….
>
> **"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, the lease, purchase or condition of the Vehicle, this Lease, or any resulting transaction or relationship (including any third parties who do not sign this Lease). Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action….

Exhibit B at ¶ 41 (emphasis in original). The Lease Agreement further requires arbitration to be brought before JAMS or the American Arbitration Association, and is governed specifically by the FAA. *See id.*

## III.

## LEGAL ARGUMENT

Federal law provides as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Proceedings that are subject to arbitration pursuant to a written agreement shall be stayed "until such arbitration has been had in accordance with the terms of the agreement…." 9 U.S.C. § 3. In addition, a party may move for "an order directing that such arbitration proceed in the manner provided for in such agreement. 9 U.S.C. § 4.

"It is well established that where the contract contains an arbitration clause, there is a presumption of arbitrability." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (internal quotation marks omitted). Thus, while the court employs general state law

principles of contract interpretation, it must do so "while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (internal quotation marks omitted). "[T]he central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (quoting *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 479 (1989)). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," and the district court must order arbitration if it is satisfied that the making of the agreement for arbitration is not in issue. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (internal quotation marks omitted); *Republic of Nicar. v. Standard Fruit Co.*, 937 F.2d 469, 474 (9th Cir. 1991).

A court may also "consider materials outside the pleadings . . . to determine whether a valid arbitration agreement exists." *Wake County Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011). And, "a broadly-worded arbitration clause applies to disputes that do not arise under the governing contract when a 'significant relationship' exists between the asserted claims and the contract in which the arbitration clause is contained." *Long v. Silver*, 248 F.3d 309, 316 (4th Cir. 2001); *see also Great Am. Ins. Co. v. Hinkle Contracting Corp.*, 497 F. App'x 348, 354 (4th Cir. 2012) ("[B]road arbitration clauses like the present one embrace 'every dispute between the parties having a significant relationship' to the contract, regardless of the label that a party chooses to assign to a particular claim.").

Here, the allegations in the Complaint, coupled with the Lease Agreement, confirm that Plaintiff's claims are subject to the arbitration provisions. Plaintiff unquestionably purchased the Vehicle pursuant to the Lease Agreement. The Lease Agreement specifically provides for arbitration of all disputes concerning or relating to the Vehicle, regardless of whether they sound in tort or contract, whether they are statutory or based upon the common law, and whether they are made against the dealer, the financing company, or the importer. *See* Exhibit B. Moreover,

Plaintiffs' federal Magnuson-Moss Warranty Act claim[2] hinges upon the exact same factual allegations as those underlying his state law breach of warranty claim.[3] Accordingly, Plaintiff's federal claim must be arbitrated along with his state law claims. *See In re Apple iPhone 3G Prod. Liab. Litig.*, 859 F. Supp.2d 1084, 1091 (N.D. Cal. 2012), citing *Clemens v. DiamlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008).

## IV.

## CONCLUSION

Accordingly, BMW FS and BMW NA respectfully request that this Court compel arbitration of all claims as set forth in the Lease Agreement and stay this action pending arbitration of all of Plaintiff's claims.

DATED this 7th day of November, 2018.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: __/s/Patrick J. Reilly__
Patrick J. Reilly, Esq.
Maximilien D. Fetaz, Esq.
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614

*Attorneys for BMW Financial Services NA, LLC and BMW of North America, LLC*

---

[2] Given that the Vehicle Lease Agreement specifically states that the Vehicle was to be used for "Business, Commercial, or Agricultural Purposes," BMW FS and BMW NA seriously question how Plaintiff can qualify for relief involving a "consumer product" under the Magnuson-Moss Warranty Act. *See* 15 U.S.C. § 2301(1).

[3] Mr. Sheinfeld merely alleges that "BMW LV and/or BMW NA has violated the Moss-Magnuson Warranty Act" without alleging any facts independent of the state law warranty claims he has asserted against those parties. *See* Complaint (ECF No. 1, Exhibit A) at ¶¶ 56-66.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **MOTION TO STAY ACTION AND COMPEL ARBITRATION** was served via electronic service on the 6th day of November, 2018, to the addresses shown below:

Kristofer D. Leavitt, Esq.
Leavitt Legal Group, P.C.
612 S. 10th Street
Las Vegas, NV 89101
kleavitt@leavittlegalgroup.com
(702) 423-7208

*Attorneys for Jan Sheinfeld*

Martin A. Little, Esq.
Alexander Villamar, Esq.
Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway
Suite 100
Las Vegas, NV 89169
mal@h2law.com
av@h2law.com
(702) 257-1483

*Attorneys for JRJ Investments, Inc. d/b/a BMW of Las Vegas*

/s/Susan Roman
An employee of Brownstein Hyatt Farber Schreck, LLP

17740699

7